# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TEXAS

### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. 1:03-CR-41-2** |
| | § | |
| **DAREL EUGENE YOUNG** | § | |

## REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

A "First Amended Petition for Warrant or Summons for Offender Under Supervision," filed March 20, 2006, alleges that defendant violated conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on August 22, 2003, before The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of conspiracy to possess with intent to distribute 50 grams or more of cocaine

base, a Class A felony.  This offense carried a statutory maximum imprisonment term of Life.  The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of I, was 70 to 87 months.  Defendant was subsequently sentenced to 32 months imprisonment, to be followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare.

## II.  The Period of Supervision

On December 9, 2005, defendant completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the pending First Amended Petition for Warrant or Summons for Offender Under Supervision on March 20, 2006.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |
| Standard Condition: | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. |

| Standard Condition: | Defendant shall notify the probation officer ten days prior to any change of residence or employment. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer. |

As grounds, the petition alleges: (1) that on March 6, 2006, defendant was unsuccessfully discharged from the Drug and Alcohol Abuse Recovery Center, without permission of the U.S. Probation Office; (2) that defendant did not have permission to leave DAARC and failed to notify the U.S. Probation Office of his current whereabouts; (3) that on March 10, 2006, defendant was arrested by the Beaumont Police Department for criminal trespass; (4) that defendant did not notify his probation officer of his March 10, 2006, arrest until March 17, 2006; and (5) that on March 17, 2006, defendant submitted a urine specimen which returned positive for cocaine; this allegation was allegedly defendant's *fifth* unlawful use of a controlled substance since the beginning of his supervised release term less than six months ago in December, 2005.

## IV.  Proceedings

On March 22, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear

evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "true" to allegations that he violated the mandatory conditions requiring that he refrain from unlawful use of a controlled substance and from committing another crime.  Defendant also pleaded "true" to the allegation that he violated the standard condition requiring him to notify his probation officer within seventy-two hours of being arrested by a law enforcement officer.  However, defendant pleaded "not true" to allegations that he failed to notify his probation officer ten days prior to any change in residence, and failed to participate in a program of testing and treatment for drug abuse.

Regarding the disputed allegations, the government presented testimony of U.S. Probation Officer Lori Bush.  Officer Bush, who is not defendant's supervising officer, had no personal knowledge regarding any matter about which she testified.  Officer Bush did not provide any information whatsoever regarding the allegation that defendant failed to notify his probation officer ten days prior to any change in residence.   As to the allegation that defendant failed to participate in a program of testing and treatment for drug abuse, Officer Bush read from a report contained in defendant's file.  That report, generated by some undisclosed person at the Drug and Alcohol Abuse Recovery Center (DAARC) indicated that defendant generally was

disregarding or testing DAARC's standard rules of conduct, and specifically failed to follow DAARC's visitation rules by having an unauthorized visitor at the center.

Since defendant admitted the remaining alleged violations, counsel devoted their argument to the issue of sentencing rather than sufficiency of the evidence on the contested allegations.  Counsel for the government requested that the court revoke defendant's supervised release and sentence defendant to 9 months imprison-ment with 27 months supervised release thereafter.  The government argued such punishment is reasonable considering defendant's non-compliance with conditions from the beginning of his term of supervised release.  Further, since defendant only began his 3-year term of supervised release on December 9, 2005, an additional term of supervised release would be appropriate to address defendant's addiction to illegal controlled substances.

In response, defendant's counsel requested that the court sentence defendant to 9 months imprisonment with no supervised release thereafter.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release

Page 5 of  10

supervision.  The original offense of conviction was a Class A felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is five years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated conditions of supervision by failing to refrain from any unlawful use of a controlled substance, by committing a new crime and by failing to notify his probation officer within seventy-two hours of being arrested by a law enforcement officer, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.   U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of I, the  guideline imprisonment range is 3 to 9 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1.    The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.    The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or

vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.   Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4.   Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5.   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

### Findings:

The evidence is insufficient to sustain allegations that defendant violated the standard condition that he participate in a program of testing and treatment for drug abuse and the special condition that he notify his probation officer ten days prior to any change in residence.

However, defendant pleaded "true" to alleged violations of two mandatory conditions: failing to refrain from any unlawful use of a controlled substance and

committing a new crime.  Defendant also pleaded "true" to an alleged violation of a standard condition: failing to notify his probation officer within seventy-two hours of being arrested by a law enforcement officer.  Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated these conditions of supervised release in the manner alleged in the petition.

Defendant's violations are Grade C violations.  Defendant's criminal history category is I.  Policy guidelines suggest 3 to 9 months imprisonment upon revocation.

**<u>Conclusion</u>:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to refrain from any unlawful use of a controlled substance, by committing a new crime and by failing to notify his probation officer within seventy-two hours of being arrested by a law enforcement officer.  Further, revocation of defendant's supervised release is mandatory because he has tested positive for controlled substances *more than three times in the last year*.  <u>See</u> 18 U.S.C. § 3565(b)(4) (2000).  As such, revocation of supervised release, an additional term of incarceration, and an additional term of supervised release appropriately addresses defendant's violations.

## RECOMMENDATIONS

1.    The petition should be granted in part and denied in part.

2.    The court should find that defendant violated conditions of supervised release by failing to refrain from any unlawful use of a controlled substance, by committing a new crime and by failing to notify his probation officer within seventy-two hours of being arrested by a law enforcement officer, in the manner alleged in the petition.

3.    Defendant's supervised release should be revoked.

4.    Defendant should be sentenced to a term of imprisonment of four (4) months.

5.    Upon release of imprisonment, defendant should be placed on supervised release for a term of twenty-seven (27) months.  Within 72 hours of release from custody of the Bureau of Prisons, defendant should report in person to the probation office in the district to which defendant is released.   Defendant shall adhere to the following conditions of supervised release:

    a.    While on supervised release, defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions.

    b.    Defendant shall reside in a community confinement center, halfway house or similar facility, upon release from imprisonment for a period of 120 days to commence upon release from confinement and shall observe the rules of that facility.

    c.    Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

    d.      Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

    e.      Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this __28__ day of March, 2006.

_Earl S. Hines_

Earl S. Hines
United States Magistrate Judge